UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV 13-5481

---------------------------------------------------------------x
ANDREW J. JAMES,

        Plaintiff,

-against-

THE CITY OF NEW YORK, ANDREW TORRES,
JASON FORGIONE, and JAMES PHILLIPS,

        Defendants.
---------------------------------------------------------------x

**COMPLAINT**

**JURY TRIAL DEMANDED**

GLEESON, J.

POHORELSKY, M.J.

Plaintiff, ANDREW J. JAMES, by and through his attorneys, **THE LAW OFFICE OF SCOTT G. CERBIN, ESQ., PLLC**, complaining of the defendants herein, respectfully shows the Court and alleges:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. §§ 1981 and 1983; by the United States Constitution, including its Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. The plaintiff seeks damages, both compensatory and punitive, affirmative equitable relief, an award of costs and attorney's fees, and such other and further relief as this court deems just and equitable.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked under 28 U.S.C. § 1343 and 42 U.S.C. §§ 1981 and 1983.

3. Venue herein is proper for the United States District Court for the Eastern District of New York under 28 U.S.C. § 1391 (a), (b) and (c).

## PARTIES

4. Plaintiff ANDREW J. JAMES is 36 years old and at all times hereinafter mentioned was a citizen of the United States residing in the State of New York, County of Nassau. He is of African-American ancestry.

5. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

6. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

7. Defendants TORRES, FORGIONE and PHILLIPS are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of defendant THE CITY OF NEW YORK. Defendants TORRES, FORGIONE and PHILLIPS are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and

engaging in conduct incidental to the performance of their lawful function in the course of their duties. Defendants TORRES, FORGIONE and PHILLIPS are sued individually.

## STATEMENT OF FACTS

8. On March 14, 2012, in the County of Queens, Defendant Police Officers TORRES, FORGIONE and PHILLIPS were on patrol in plain-clothes and in an unmarked vehicle within the confines of the 105th Precinct. Defendant TORRES alleged in several sworn statements that he observed Plaintiff driving a white Cadillac Escalade and committing various traffic infractions. TORRES further alleged that he and the above named Defendants pulled Plaintiff over and that upon approaching the vehicle TORRES smelled a strong odor of burning marijuana. TORRES further alleged that upon removing Plaintiff from his vehicle he recovered a small knife from Plaintiff's back pocket, and subsequently observed a police scanner and a large amount of cash in the center console of the vehicle; at which point TORRES placed Plaintiff under arrest. No burnt marihuana was recovered at the scene.

9. TORRES further testified in the grand jury, and at a pretrial hearing, that Plaintiff's vehicle was removed to the 105th Precinct where TORRES conducted a patrol guide mandated inventory search of the vehicle. TORRES alleged that upon searching under the hood of the vehicle at the 105th Precinct he recovered a firearm.

10. However, unbeknownst to TORRES, a civilian witness videotaped the entire encounter with Plaintiff. The video clearly showed that the hood of Plaintiff's vehicle was opened and searched at the scene; and not at the precinct pursuant to an inventory search as TORRES testified. It further shows that Defendant's FORGIONE and

PHILLIPS actually recovered the firearm at the scene and then high-fived each other. In fact, TORRES was not even on the scene when the gun was recovered.

11. Defendants then went back to the 105th Precinct where PHILLIPS entered false information into the online booking system and FORGIONE, a sergeant, signed off on the false report. TORRES then lied to the district attorneys office about when and where the gun was recovered, signed and caused to be filed a perjurious criminal complaint, committed perjury in the grand jury, and again committed perjury on December 14, 2012 at a pretrial hearing before the Hon. Robert C. Kohm. When Justice Kohm learned of the perjury he continued the hearing and instructed the district attorney to advise TORRES that he needed an attorney. TORRES never came back to finish the hearing and the case was referred to the district attorney's Integrity Bureau. The district attorney dismissed all charges against Plaintiff on April 9, 2013.

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of federal civil rights under the United States Constitution and 42 U.S.C §§ 1981 and 1983)

11. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

12. By their conduct and actions in falsifying evidence against plaintiff, and in failing to intercede on behalf of plaintiff and in failing to protect him from the unjustified and unconstitutional treatment he received at the hands of other defendants, defendants TORRES, FORGIONE and PHILLIPS, acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to or a reckless disregard for the natural and probable consequences of his acts, caused

injury and damage in violation of the plaintiff's constitutional rights as guaranteed under 42 U.S.C. §§ 1981 and 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

13.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered great humiliation, costs and expenses, and was otherwise damaged and injured.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Liability of Defendant the City of
New York for Constitutional Violations)

14.     Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

15.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through defendants TORRES, FORGIONE and PHILLIPS had <u>de facto</u> policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

16.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through defendants TORRES, FORGIONE and PHILLIPS had <u>de facto</u> policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendant. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

17.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A THIRD CAUSE OF ACTION
(Falsification of Evidence)

18.     Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

19.     By their actions in deliberately committing perjury related to the circumstances of the stop of Plaintiff and the recovery of the contraband in the underlying criminal case, Defendants TORRES, FORGIONE and PHILLIPS falsified evidence against Plaintiff.

20.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Prosecution)

21.     Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

22.     By their actions in deliberately committing perjury related to the circumstances of the stop of Plaintiff and the recovery of the gun in the underlying criminal case, Defendants TORRES, FORGIONE and PHILLIPS maliciously prosecuted Plaintiff for felony weapon possession subjecting him to a potential seven year prison sentence.

23.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered great humiliation, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, plaintiff demands the following relief jointly and severally against all of the defendants[1]:

a. Compensatory damages in the amount of $1,000,000.00 (One Million Dollars).

b. Punitive damages in the amount of $2,000,000.00 (Three Million Dollars)

c. Costs and interest and attorneys fees.

d. Such other further relief as this court may deem appropriate and equitable.

Dated: Brooklyn, New York
July 30, 2013

        Yours, etc.,

        SCOTT G. CERBIN, ESQ., PLLC
        Counsel for the Plaintiff

        By: Scott G. Cerbin (SC5508)
        16 Court Street, Suite 2901
        Brooklyn, New York 11241
        (718) 596-1829

---

[1] Punitive damages are only sought against the individual defendant's.